UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN JACOBSON,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 1:22-cv-00826-ADA-CDB<br><br>ORDER REQUIRING PARTIES TO FILE JOINT STATUS REPORT BY NOVEMBER 3, 2022 |

On July 5, 2022, Plaintiff Dan Jacobson ("Plaintiff") filed an action against Defendant Ford Motor Company for alleged violations of the Song-Beverly Act, Cal. Civil Code § 1790 *et seq*. (ECF No. 1).

In his complaint, Plaintiff pleads that venue is proper in the Central District of California "because a substantial part of the evens or omissions giving rise to the claim occurred within the judicial district, including entering into the warranty contract for and/or repairs of the Subject Vehicle." *Id*. at ¶ 2. But in fact, according to Plaintiff's counsel at a scheduling conference in this action on October 27, 2022 (ECF No. 17), the vehicle at issue in this case was purchased and repaired at locations within the Northern District of California. Aside from Plaintiff's pleading that he is a resident of Kern County, it is not clear what if any nexus this action has to the Eastern District of California.

Given the deficiencies in Plaintiff's pleading for venue, the Court questions whether the Eastern District of California is the appropriate venue for this action. Transfer of a case to cure improper venue is appropriate when the transfer would be "[f]or the convenience of parties and witnesses," and would also be "in the interest of justice." 28 U.S.C. § 1404(a).  Courts typically consider numerous private and public factors in weighing whether transfer is warranted.

The Eastern District of California is one of the busiest federal districts in the nation, and its judicial resources are considerably strained. Given the apparent lack of connections to this district and the Court's strained resources, the Court preliminarily assesses that transfer is appropriate.

To have the benefit of the parties' views regarding venue, the Court ORDERS the parties to file a joint status report **no later than November 3, 2022**, that explains their positions regarding a transfer of venue.  The scheduling conference is reset to **November 10, 2022**, **9:00am**, before Magistrate Judge Christopher D. Baker. The parties shall appear at the conference remotely via Zoom video conference, and the Zoom ID and password will be provided to counsel by the Courtroom Deputy prior to the conference.

IT IS SO ORDERED.

Dated:   **October 27, 2022**                                      _____
                                                                                      UNITED STATES MAGISTRATE JUDGE